```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                        03-CV-2899(JMR/FLN)


Ty S. Mitchell and Kimberly    )
Mitchell                       )
                               )
          v.                   )              ORDER
                               )
Beneficial Loan & Thrift       )
Company                        )
```

Federal law protects home loan borrowers from certain unfair lending practices. This is not such a case. This is a case where the lender is entitled to summary judgment.

I. Background

In early 2002, plaintiffs, Ty and Kimberly Mitchell, borrowed $252,448 from defendant, secured by a mortgage on their home. The loan refinanced an earlier mortgage, along with several other debts. The loan package included a $20,174.11 loan discount fee, payable to Beneficial; a $355.00 appraisal fee payable to Integrated Real Estate Processing ("IREP"); and an $821.00 title insurance fee, also payable to IREP.

The Mitchells claim they were unaware of the loan discount fee prior to closing. They opted to pay the fee, however, in order to close on the loan after discussing it with Beneficial staff. At the closing, the Mitchells signed a document informing them they had three days in which to disavow the loan.

Three days later, Mr. Mitchell returned to Beneficial's office intending to rescind the loan in accord with this document. Upon further discussion with Beneficial staff, however, he decided to keep the loan.

II. <u>Claims</u>

The Mitchells claim Beneficial violated the Homeowners Equity Protection Act and Minnesota's Consumer Protection Act. They also claim certain of the loan's terms violated Minnesota law.

III. <u>Analysis</u>

    A. <u>Standard</u>

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact. Fed. R. Civ. P. 56; <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 246 (1986). The party opposing summary judgment may not rest upon the allegations set forth in its pleadings, but must produce significant probative evidence demonstrating a genuine issue for trial. <u>See</u> <u>Anderson</u>, 477 U.S. at 248-49; <u>see also</u> <u>Hartnagel v. Norman</u>, 953 F.2d 394, 395-96 (8th Cir. 1992). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." <u>Anderson</u>, 477 U.S. at 247-48. If the opposing party fails to carry that burden, or fails to establish the existence of an essential element of its case on which that party will bear the burden of proof at trial, summary judgment should be granted. <u>See Celotex</u>, 477 U.S. at 322.

    B. <u>Homeowners Equity Protection Act</u>

The Mitchells purport to state a claim under the Homeowners

Equity Protection Act ("HOEPA"). 15 U.S.C. § 1602(aa)(1). The Act applies when the consumer's total closing points and fees are more than $400, or 8% of the total loan amount, whichever is greater. 15 U.S.C. § 1602(aa)(1)(B). If a loan meets these thresholds, the lender must make certain disclosures before closing. 15 U.S.C. § 1639(a). Plaintiffs claim their loan falls within HOEPA, and the requisite disclosures were not properly made. Total HOEPA points and fees include the finance charge, compensation paid to mortgage brokers, and other charges the Board of Governors of the Federal Reserve System deem appropriate. 15 U.S.C. § 1602(aa)(4). Appraisal and title insurance fees are expressly excluded from the calculus if they are bona fide and reasonable. 15 U.S.C. § 1605(e); 12 C.F.R. § 226.4(c)(7).

The Court must first consider whether the loan meets the HOEPA criteria and requires additional disclosures. Plaintiffs claim their total closing points and fees of $20,195.84 exceed 8% of the total loan amount.

All parties agree the loan discount fee should be included in the total points and fees. That $20,174.11 fee is a mere $21.73 shy of the HOEPA threshold. Plaintiffs then ask the Court to include the appraisal and title insurance fees, an unpaid Verizon bill, and the amount of overstated principle to reach the HOEPA threshold.

3

1.  Appraisal and Title Insurance Fees

HOEPA excludes, from the finance charge calculation, bona fide and reasonable appraisal and title insurance fees. 15 U.S.C. § 1605(e); 12 C.F.R. § 226.4(c)(7). Plaintiffs offer two theories under which these fees may be included. First, they claim their expert report, submitted by Curtis Lowe, supports a finding that these fees are unreasonable. Second, plaintiffs deny the fees are bona fide, arguing they are barred under the Real Estate Settlement Procedures Act ("RESPA").

a.  Affidavit of Curtis Lowe

Curtis Lowe has submitted an affidavit in support of plaintiffs' contention that Beneficial's appraisal and title fees are unreasonable. The Court must exclude this affidavit from consideration under the applicable Federal Rules. A court may only consider evidence which would be admissible at trial in determining a motion for summary judgment. Fed. R. Civ. P. 56(e). The Federal Rules of Evidence require that an expert be qualified, and that his or her opinions be supported by sufficient facts or data. Fed. R. Evid. 702.

Courts considering whether loan fees are reasonable have found their decision depends upon the "prevailing practice in the industry in the relevant market." Brannam v. Huntington Mortgage Co., 287 F.3d 601, 606 (6th Cir. 2002); Inge v. Rock Fin. Corp., 388 F.3d 930, 940 (6th Cir. 2004). Beneficial asserts that Mr. Lowe fails to show any consideration of the relevant local market

4

in support of his opinion that Beneficial's fees are unreasonable. As a result, his opinion lacks the proper foundation to be admissible. Defendant's objection is well-taken.

According to Mr. Lowe, the only documents he reviewed were the complaint, the pretrial order, interrogatory answers, and documents produced by Beneficial relating to the loan. Plaintiffs claim Mr. Lowe's experience in the market, absent any review of current real estate finance transactions, is a sufficient basis upon which he is permitted to opine concerning the reasonableness of a fee. The Court does not agree.

Rule 56 of the Federal Rules of Civil Procedure and Rule 702 of the Federal Rules of Evidence require that an expert opinion be based on an analysis of facts and data. The expert's experience may give him a foundation and supply the mechanism by which he may synthesize and integrate the information he receives in order to form an opinion, but this experience alone cannot be the basis of a fact-based opinion. In order to assist the trier of fact, as required by Rule 701, Fed. R. Evid., his opinions must be grounded in real world data. Here, Mr. Lowe has wholly failed to consider any data or facts regarding appraisal and title fees charged in the relevant market. Absent this foundation, the Court finds his opinion would be inadmissible at trial. Plaintiffs, therefore, have failed to create a fact issue on the question of whether the title and appraisal fees are reasonable based on their expert's proffered testimony.

b.  RESPA

RESPA, like HOEPA, was enacted to protect consumers from unnecessary and excessive real estate transaction costs. See, e.g., U.S. v. Gannon, 684 F.2d 433, 438 (7th Cir. 1981). Plaintiffs claim Beneficial's appraisal and title fees violate RESPA, rendering them not bona fide, and fees which are not bona fide must be included in the HOEPA finance charge. Specifically, plaintiffs claim Beneficial illegally split a fee in violation of RESPA. 12 U.S.C. § 2607(b) provides that:

> [n]o person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed.

Id.

Here, Beneficial contracted with IREP to provide title and appraisal services. IREP, in turn, subcontracted the title and appraisal services. Plaintiffs were charged a $355 appraisal fee, $250 of which was paid to the appraiser. Plaintiffs were also charged an $821 title fee, $120 of which was paid to LeSueur County Abstract for title work, and $596 for title insurance.

Plaintiffs' RESPA fee-split argument is unpersuasive for two reasons. First, the statute makes it unlawful to receive payment "other than for services actually performed." Plaintiffs do not allege any failure to perform a service, nor do they claim they were deprived of a service by fraudulent means. They simply claim

6

the fee was shared between IREP and the parties performing the title work. Assuming this to be true, the Court finds no violation of RESPA.

Second, even if the fees were improperly divided, there is neither proof nor evidence that Beneficial, the sole remaining defendant in this matter, derived any benefit from the arrangement. There is absolutely no showing that Beneficial and IREP are legally united. In the absence thereof, Beneficial cannot be held responsible for IREP's actions, even if the fees were wrongly split.

Plaintiffs have failed to demonstrate a triable question of whether the fees charged by Beneficial were unreasonable, illegal, or not bona fide. Absent such evidence, the appraisal and title fees may not be included in the finance charge, or the total points and fees for HOEPA purposes. Summary judgment is therefore granted on this claim.

### 2. Unpaid Bills and Overstated Principle

Plaintiffs next claim Beneficial overstated the principle due on their previous mortgage by $1,178.16. They further claim a cell phone bill in the amount of $67.00 was to be paid from the loan proceeds, but remains unpaid. Plaintiffs believe these amounts should be included in the calculation of total points and fees. They are incorrect.

HOEPA defines the items which may be included in the total point and fee calculation. Unpaid bills and overstated principle

are not included in the statutory calculus. 15 U.S.C. § 1602(aa)(4). In making this finding, the Court does not determine whether the plaintiffs may have any other remedy as to these items; it simply finds that HOEPA does not afford one.

Plaintiffs have failed to show any sum, beyond the loan discount fee, which may be properly included in their HOEPA total points and fees. The loan discount fee, by itself, does not exceed 8% of the total loan amount. As a result, the loan does not qualify for HOEPA protections, and their claims in this regard are dismissed.

### C. Consumer Fraud Act

To state a claim under the Consumer Fraud Act, plaintiffs must show Beneficial defrauded them or made a material misrepresentation in the course of procuring their loan transaction. Semanko v. Minnesota Mutual Life Ins. Co., 168 F. Supp. 2d 997, 1000 (D. Minn. 2000); Minn. Stat. § 325F.69 subd. 1. Plaintiffs have offered no evidence to show that either fraud or misrepresentation occurred. As such, summary judgment is granted on this claim.

### D. Unconscionability

Minnesota law defines an unconscionable contract as one "no man in his senses and not under delusion would make on the one hand, and no honest and fair man would accept on the other." Overholt Crop Ins. Serv. Co., Inc. v. Bredeson, 437 N.W.2d 698, 702 (Minn. Ct. App. 1989) (quoting Hume v. United States, 132 U.S. 406, 411 (1889)). The Court finds, as a matter of law, that this is

not such a contract. Plaintiffs negotiated a loan. The loan provided a three-day rescissionary period. Plaintiffs knew of their opportunity to reconsider the loan and opted against doing so. They may be unhappy, but unconscionability is not the same as displeasure. This claim, too, fails.

IV. Conclusion

For the foregoing reasons, defendant's motion for summary judgment is granted, and this matter is dismissed with prejudice.

IT IS SO ORDERED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 15, 2005

                                        s/James M. Rosenbaum
                                        JAMES M. ROSENBAUM
                                        United States Chief District Judge